**472**

William **MEYERS**, Standard Brands Incorporated, Atlantic Gummed Paper Corp. and Warshaw Manufacturing, Inc., Plaintiffs,

v.

**FAMOUS REALTY, INC.**, and Moses Spatt and Joseph S. Wohl, individually and as director-trustees in dissolution thereof, Defendants.

**Civ. No. 19900.**

United States District Court
E. D. New York.
July 10, 1959.

McLanahan, Merritt & Ingraham, New York City, for plaintiffs.

Simpson, Thacher & Bartlett, New York City, for defendants.

ZAVATT, District Judge.

The instant complaint seeks a mandatory injunction requiring the defendants to carry on the interstate operations of the Jay Street Connecting Railroad, and restraining the defendants from abandoning the same or ceasing its operations unless and until the defendants are themselves authorized by a lawful order of the Interstate Commerce Commission to abandon such operations, or unless and until the defendants lease the property heretofore leased to the Jay Street Connecting Railroad to the plaintiff William Meyers. There is presently before the court a motion by the plaintiffs for a temporary injunction pending a hearing upon the merits, and a motion by the defendants to dismiss the complaint.

For the purpose of determining the motions it will be assumed, as alleged in the complaint, that the Jay Street Connecting Railroad began carrying on interstate railroad business in 1941, pursuant to a certificate granted by the Commission; that at that time two partnerships, Jay Street Terminal and Arbuckle Brothers, which held all the stock of the railroad, leased to the railroad all of the land used by it other than land lying in the streets of the City of New York over which the railroad had tracks; that prior to 1941, and from as early as 1916, Jay Street Terminal and Arbuckle Brothers themselves carried on the interstate railroad business carried on after that date by the railroad; that in 1945 the defendant Famous Realty, Inc., of which the defendants Spatt and Wohl were the sole stockholders, acquired all of the stock of the railroad and all of the land theretofore leased to the railroad by Jay Street Terminal and Arbuckle Brothers; that Famous Realty, Inc. continued to lease the land previously mentioned to the railroad as successor to Jay Street Terminal Railroad and Arbuckle Brothers; that Famous Realty, Inc. was dissolved in 1958, and that defendants Spatt

and Wohl are the sole distributees in dissolution thereof; and that said defendants are and since such dissolution have been the sole stockholders of the railroad, and the lessors of the property heretofore leased to the railroad by Jay Street Terminal and Arbuckle Brothers.

By its orders dated April 13 and May 26, 1959, the Interstate Commerce Commission certified the abandonment by the Jay Street Connecting Railroad of its entire line and carfloat and lighterage routes, subject to the following condition:

> "The applicant shall sell to any responsible person, firm, or corporation, offering within thirty days from the date of service hereof to purchase the same for continued operation of the railroad line here involved or any portion thereof, any or all of its property necessary or useful to such continued operation, including the applicant's rights and interests as lessee or tenant in respect of any such property and facilities used or useful in the operation of its line of railroad, at a price not less than the net salvage value of the properties and interests sought to be acquired, it being intended by this condition that the purchaser of the physical properties shall be substituted for and occupy the same status as the applicant now does with respect to said leasehold interests."

A three-judge statutory court in this District, Jay Street Connecting Railroad v. United States, D.C., 174 F.Supp. 609, affirmed the determination of the Commission, but specifically declined to determine whether the lessors were independently subject to a duty to lease or sell to a putative purchaser under the condition. On June 29, 1959 the Jay Street Connecting Railroad ceased all operations, and the individual defendants have taken no steps to continue its operations.

The plaintiffs' position is that "Upon abandonment of a railroad by a lessee of property devoted to railroad use in interstate commerce, the lessors of such land are under a duty themselves to operate the railroad and failure to do so unless and until they have obtained a certificate of public convenience and necessity pursuant to Sections 1(18) to (20) of the Interstate Commerce Act [49 U.S.C.A. § 1(18, 20)] is unlawful and in violation of the specific prohibition of Section 1(20) thereof which authorizes such abandonment to be enjoined by any court of competent jurisdiction." The court is not satisfied that either reason or authority supports this proposition within the context of the circumstances of the instant cause. In reaching this determination the court has considered, although it is in no way bound by, the remark of the Commission in its decision of April 13, 1959 (F. D. No. 20240) relating to the abandonment by the railroad, that:

> " * * * In our opinion, the same conclusions on the facts and law would justify our permitting the physical abandonment of the line herein by the lessor of the railroad properties, *if such lessor were subject to our jurisdiction* and therefore was obligated to continue the lessee's carrier obligations unless relieved of that requirement. We do not agree with the argument of the protestants on this point, in support of which they cite Livestock Terminal Service Co. Abandonment, 257 I.C.C. 1(7), and cases therein. *In our* opinion that case is not a valid precedent *for requiring that Famous continue the operations of the applicant unless it decides to apply to abandon the railroad properties.*"
> (Emphasis supplied.)

If the defendants are under no obligation to operate the line, and assuming (because there is no allegation to the contrary in this proceeding) that the Jay Street Connecting Railroad abandoned operations pursuant to the conditions of the Commission's certificate, it is difficult to see in what way the plaintiffs are aided, in pursuing the relief now sought, by the allegation that the defend-

474

ants have indicated that they are unwilling to lease to a purchaser of the railroad's properties except on unreasonable terms.

The plaintiffs' motion for a temporary injunction is denied. The defendants' motion to dismiss the complaint is granted, and the complaint is hereby dismissed. The foregoing shall constitute an order.